1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY NAPIER,                              No.  2:13-cv-00615 GEB DAD P

12                  Petitioner,

13         v.                                     FINDINGS & RECOMMENDATIONS

14   GARY SWARTHOUT,

15                  Respondent.

16

17         Petitioner is a former state prisoner proceeding pro se with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 1981 judgment of conviction on

19   the charge of kidnapping for the purpose of robbery in violation of California Penal Code

20   § 209(b) which was entered against him in the Solano County Superior Court.  Pending before

21   this court is respondent's motion to dismiss the petition as time-barred.  (ECF No. 14.)  Petitioner

22   has filed an opposition to the motion and respondent has replied. (ECF Nos. 17 & 18.)

23         After carefully reviewing the record, the undersigned recommends that respondent's

24   motion be granted and that the petition be dismissed as barred by the applicable statute of

25   limitations.

26   I.  Background

27         Petitioner alleges as follows in his petition for writ of habeas corpus.  (ECF No. 1.)

28   Petitioner entered a plea of guilty to the charge of kidnapping for the purpose of robbery in

1

1    violation of California Penal Code § 209(b). (Id. at 1.) On May 4, 1981, he was sentenced to a

2    term of life imprisonment with the possibility of parole. (Id.) Petitioner did not file a direct

3    appeal of the conviction. (Id. at 2.)

4            Petitioner now seeks federal habeas relief on the following grounds: (i) that he did not

5    make a knowing and intelligent waiver of his right to a jury trial; (ii) that he was provided

6    ineffective assistance of counsel; and (iii) that he is actually innocent of the crime to which he

7    pled guilty.

8            In 1994 petitioner filed a petition for habeas relief with the Solano County Superior Court

9    which was denied on October 28, 1994.[1] (Id. at 64, 76-77.) On October 13, 2011, petitioner filed

10   another petition for habeas relief with that same court. (Id. at 70.) On December 6, 2011, the

11   Solano County Superior Court denied that petition. (Id.) On January 9, 2012, petitioner sought

12   reconsideration of the denial through a petition for writ of error coram nobis. (Id. at 73.) On

13   February 6, 2012, the Solano County Superior Court denied his petition for writ of error coram

14   nobis because it was not the appropriate vehicle for seeking relief and denied petitioner's request

15   for reconsideration as untimely. (Id. at 74.) Petitioner then sought relief from the California

16   Court of Appeals for the First Appellate District, which denied his petition for writ of error coram

17   vobis on March 15, 2012. (Id. at 79.) Petitioner subsequently filed a petition for writ of habeas

18   corpus with the California Supreme Court, which denied the petition on January 23, 2013, with

19   citation to the decisions in In re Robbins, 18 Cal. 4th 770, 780 (1998), In re Dixon, 41 Cal. 2d

20   756, 759 (1953) and In re Lindley, 29 Cal. 2d 709, 723 (1947).[2] (Id. at 3, 75.)

21           On March 29, 2013, petitioner filed a petition for writ of habeas corpus with this court.

22

23   [1] According to the order of denial, petitioner therein "raise[d] questions regarding the
     voluntariness of his plea, and challenge[d] the sufficiency of the evidence in support of that plea."
24   (ECF No. 1 at 77.)

25   [2] The California Supreme Court's citation to In re Robbins indicates that the court denied the
     habeas petition as untimely. See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007). The
26   citation to In re Dixon indicates a denial on the grounds that a claim could have been, but was not,
27   raised on direct appeal, while the citation to In re Lindley reflects a denial of an insufficiency of
     the evidence claim because such a claim must be raised on direct appeal. See Garcia v. Stainer,
28   No. CV 12-1965-DSF (SP), 2015 WL 127842, at *4 (C. D. Cal. Jan. 5, 2015).

1    II.  Standards

2          A.  Standard re: Motion to Dismiss

3          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

4    petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

5    petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth

6    Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under

7    Rule 4 of the Rules Governing § 2254 Cases.  See O'Bremski v. Maass, 915 F.2d 418, 420 (9th

8    Cir. 1991).  Accordingly, the court will review respondent's motion to dismiss pursuant to its

9    authority under Rule 4.

10         In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition]

11   as true and construe the pleadings in the light most favorable to the non-moving party."  Fayer v.

12   Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins.

13   Co., 519 F.3d 1025, 1030 (9th Cir. 2008)).  In general, exhibits attached to a pleading are "part of

14   the pleading for all purposes . . . ."  Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F. 3d 1114,

15   1123 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

16         B.  AEDPA Statute of Limitations and Tolling

17         On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by

18   adding the following provision:

19               (d)(1)  A 1-year period of limitation shall apply to an application
20          for a writ of habeas corpus by a person in custody pursuant to the
             judgment of a State court.  The limitation period shall run from the
21          latest of –

22               (A) the date on which the judgment became final by the
             conclusion of direct review or the expiration of the time for seeking
23          such review;

24               (B) the date on which the impediment to filing an
             application created by State action in violation of the Constitution
25          or laws of the United States is removed, if the applicant was
             prevented from filing by such State action;

26               (C) the date on which the constitutional right asserted was
             initially recognized by the Supreme Court, if the right has been
27          newly recognized by the Supreme Court and made retroactively
             applicable to cases on collateral review; or

28

1

2

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

4

5

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

6  This one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed

7 after the statute was enacted.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  However,

8 state prisoners, such as petitioner, "whose convictions became final prior to AEDPA's enactment,

9 had a one-year grace period in which to file their petitions." Patterson v. Stewart, 251 F.3d 1243,

10 1245 (9th Cir. 2001) (citing Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1286

11 (9th Cir.1997).  See also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009)

12 ("Because Waldron-Ramsey's state conviction was finalized before AEDPA's enactment on

13 April 24, 1996, his deadline to file a habeas petition under AEDPA was April 23, 1997."); Miles

14 v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999) ("Accordingly, a prisoner with a state conviction

15 finalized before April 24, 1996, such as Miles, had until April 23, 1997 to file a federal habeas

16 petition.")

17  With respect to statutory tolling under 28 U.S.C. § 2244(d)(2), the AEDPA statute of

18 limitations is not tolled during the interval between the date on which a judgment becomes final

19 and the date on which the petitioner files his first state collateral challenge because there is no

20 case "pending" during that interval.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once

21 a petitioner commences state collateral proceedings, a state habeas petition is "pending" during

22 one full round of review in the state courts, including the time between a lower court decision and

23 the filing of a new petition in a higher court, as long as the intervals between the filing of those

24 petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

25  In addition to statutory tolling under § 2244(d)(2), the Supreme Court has also confirmed

26 that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases."

27 Holland v. Florida, 530 U.S. 631, 645 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th

28 Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir.), cert. denied __ U.S. __, 131 S. Ct.

1    3039 (2011); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).[3]   "[A] 'petitioner' is 'entitled

2    to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and

3    (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

4    Holland, 530 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  See also

5    Doe, 661 F.3d at 1011; Lakey, 633 F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515

6    F.3d 1051, 1055 (9th Cir. 2008) ("We have stated that the purpose of the equitable tolling

7    doctrine is to soften the harsh impact of technical rules which might otherwise prevent a good

8    faith litigant from having a day in court . . . .  Equitable tolling is typically granted when litigants

9    are unable to file timely petitions as a result of external circumstances beyond their direct

10   control.") (internal quotation marks and citations omitted).  Thus, equitable tolling is appropriate

11   only when external forces, rather than a lack of diligence, account for the failure to file a timely

12   petition.  Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011); Waldron-Ramsey, 556 F.3d

13   at 1011 ("[A]n external force must cause the untimeliness, rather than . . . merely oversight,

14   miscalculation or negligence on the petitioner's part , all of which would preclude the application

15   of equitable tolling."); Miles, 187 F.3d at 1107.

16          Courts are expected to "take seriously Congress's desire to accelerate the federal habeas

17   process."  Calderon, 128 F.3d at 1289, overruled in part on other grounds by Calderon v. United

18   States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998).  See also Corjasso v. Ayers, 278 F.3d

19   874, 877 (9th Cir.2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the

20   application of equitable tolling).  To this end, "the circumstances of a case must be

21   'extraordinary' before equitable tolling can be applied[.]"  Holland, 560 U.S. at 652.  Whether a

22   party is entitled to equitable tolling "turns on the facts and circumstances of a particular case."

23   Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710,

24   713 (5th Cir. 1999)).  See also Holland, 560 U.S. at 654 (leaving "to the Court of Appeals to

25   determine whether the facts in this record entitle Holland to equitable tolling, or whether further

26   proceedings, including an evidentiary hearing, might indicate that respondent should prevail");

27   _____

28   [3] The Ninth Circuit had previously so held.  See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Waldron–Ramsey, 556 F.3d at 1011 n. 2.

1    Doe, 661 F.3d at 1012 ("[W]hether a prisoner is entitled to equitable tolling under AEDPA will

2    depend on a fact specific inquiry by the habeas court which may be guided by 'decisions made in

3    other similar cases.' ") (citing Holland, 560 U.S. at 650).

4           Finally, in McQuiggin v. Perkins, ___U.S. ___, 133 S. Ct. 1924 (2013), the Supreme

5    Court held that the "actual innocence" exception applies to the AEDPA's statute of limitations.

6    See also Lee v. Lampert, 653 F.3d 929, 932 (9th Cir.2011) ("We hold that a credible claim of

7    actual innocence constitutes an equitable exception to AEDPA's limitations period, and a

8    petitioner who makes such a showing may pass through the Schlup gateway and have his

9    otherwise time-barred claims heard on the merits.") (en banc).  The Supreme Court concluded in

10   McQuiggin that a federal habeas petitioner can use actual innocence to avoid a procedural bar,

11   such as the statute of limitations, when "he persuades the district court that, in light of the new

12   evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

13   doubt." 133 S. Ct. at 1928 (citing Schlup v. Delo, 513 U.S. 298, 329 (1995) and House v. Bell,

14   547 U.S. 518, 538 (2006)).  To obtain relief, evidence of innocence must be "so strong that a

15   court cannot have confidence in the outcome of the trial unless the court is also satisfied that the

16   trial was free of nonharmless constitutional error." Schlup, 513 U.S. at 316.[4]  Schlup additionally

17   requires a petitioner "to support his allegations of constitutional error with new reliable evidence

18   — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

19   physical evidence — that was not presented at trial." Lee, 653 F.3d at 937–38.  In light of the

20   "extremely rare" and "narrow class of cases" in which an actual innocence claim will measure up

21   under these exacting standards, the Ninth Circuit has also recognized that an equitable exception

22   to the AEDPA statute of limitations allows them to be considered, observing as follows:

23                  Given that the exception is confined to these extraordinary cases,
                    there is little danger of it swallowing the rule.  The exacting
24                  requirements we have imposed for the application of equitable

25   /////

26

27   _____
     [4]  Although a claim of actual innocence may be presented despite the fact that petitioner entered a
     plea of guilty, "[i]t is important to note in this regard that 'actual innocence' means factual
28   innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).

tolling remain intact and are not in conflict with an actual innocence exception.

Lee, 653 F.3d at 937.

III.  Analysis

Respondent has moved to dismiss the pending petition, contending that it is barred by the AEDPA statute of limitations.  In the underlying criminal proceeding petitioner pled guilty to one count of an amended information, filed April 14, 1981, charging him with kidnapping to commit robbery.  (ECF No. 1 at 18.)[5]  Petitioner was sentenced to life imprisonment with the possibility of parole on May 4, 1981.  (Id.)  He did not appeal from his judgment of conviction which therefore became final sixty days later on July 3, 1981.  See Cal. Rules of Court, Rule 8.308; Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).  Because petitioner's judgment of conviction became final years prior to AEDPA's enactment, he had until April 23, 1997 to file his federal habeas petition.  However, petitioner did not file his federal petition with this court until March 29, 2013, over fifteen years after the statute of limitations had expired.

Although petitioner sought collateral relief in state court, the earliest of those petitions was filed in 1994, well prior to the enactment of the AEDPA.  Accordingly, it has no impact on the timeliness analysis.  Petitioner's next state habeas petition was filed by him on October 13, 2011, over fourteen years after the AEDPA statute of limitations for his filing of a federal habeas petition had expired.  Of course, it is well established that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Therefore, petitioner is clearly not entitled to

---

[5]  In his petition, petitioner alleges the following circumstances surrounding his guilty plea to this charge.  He and his co-defendant were originally held to answer on charges of murder, robbery and attempted robbery.  (ECF No. 1 at 16.)  A severance for purposes of trial was granted and petitioner's co-defendant proceeded to trial first, was convicted on all three charges and was sentenced to life imprisonment **without** the possibility of parole.  (Id. at 18.)  Thereafter, the prosecutor filed an amended information adding the additional charge to which petitioner entered his plea of guilty and pursuant to which he was sentenced to life imprisonment **with** the possibility of parole.  (Id.)  The original three charges that had been brought against him were dismissed.  (Id. at 40.)  Petitioner has referred to his plea as having been entered pursuant to a plea bargain that he entered in order to avoid a possible conviction on the first degree murder charge.  (Id. at 16, 101-102.)

7

1 statutory tolling of the limitations period under § 2244(d)(2).

2      Thus, the sole question becomes whether the statute of limitations for petitioner to seek

3 federal habeas relief was subject to equitable tolling under the facts of this case.  In this regard,

4 petitioner asserts in his petition that he is actually innocent of the crime to which he pled guilty

5 pursuant to plea bargain, arguing as follows:

6           In the case at bar, it must not be lost that a man, this Petitioner has
          been in prison for thirty years for a crime that all parties agree did
7           not take place.  What more can shock the conscience of a nation
          that to incarcerate one for a crime which never too[k] place and
8           then hold that same person to a time bar for failure to cry foul
          sooner.  Can it truly matter at what date Petitioner makes his claim
9           when his failure to do so would still not make his incarceration
          lawful . . . .
10

11 (ECF No. 1 at 25.)

12      Petitioner has not pointed to any new evidence in support of his claim of actual innocence.

13 Instead, he marshals statements from a 1989 parole hearing to argue that the crime to which he

14 pled as part of a plea bargain – kidnap for the purpose of robbery – was an "artificial construct"

15 (ECF No. 1 at 31-32) that did not fit the facts surrounding his involvement in the alleged crimes.

16 Petitioner has presented no new evidence to support his theory that he was actually innocent of

17 the charge to which he agreed to plead as part of an agreement pursuant to which he was

18 sentenced to life imprisonment **with** the possibility of parole.[6]  He cannot evade AEDPA's one-

19 year statute of limitations by merely contending that he is innocent of the charge to which he

20 elected to enter his plea.[7]

21      In response to the question appearing on the form habeas petition, "If your judgment of

22 conviction became final over one year ago, you must explain [why] the one-year statute of

23

24 ───────────────
   [6]  On August 14, 2014, petitioner filed a notice of change of address with the court which
25 indicated that he was no longer confined in state prison.  (ECF No. 19.)

26 [7] "Petitioner's argument is more akin to a challenge to the sufficiency of the evidence supporting
   his guilty plea than a showing of actual innocence supported by new and reliable evidence
27 demonstrating that it is more likely than not that no reasonable juror would have convicted him.
   See Schlup, 513 U.S. at 327."  Davis v. Lackner, No.2:13-cv-1914 MCE AC P, 2014 WL
28 3852513, at *5 (E.D. Cal. Aug. 5, 2014).

1   limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition," petitioner stated:

> When Petitioner pled guilty to the charge of kidnap for the purpose
> of robbery, it was his belief, as represented to him by the public
> defender's office and the district attorney's office, that such a crime
> had in fact occurred.   Based on the structure of the sentence
> Petitioner believed only the Board of Parole Hearings had the
> authority to hear the matter of Petitioner's innocence.   It was a
> commissioner during a 1991 hearing (referenced in the body of the
> grounds for relief) that brought to light the fact no crime took place
> regarding what this Petitioner pled to.   It was not until [sic]
> Petitioner had the occasion or understanding that it was the judicial
> process and not the Parole Board who had authority to resolve the
> factual innocence issue.

(ECF No. 1 at 13-14.) [8]   Petitioner has also attached the transcript of his 1989 parole hearing to his petition filed with this court (id. at 80 – 155), which he cites and quotes at length.   Any argument by petitioner for equitable tolling on this basis is inapt.

Even accepting his conclusory allegations as true, if petitioner became aware in 1989 (or 1991, for that matter) of the basis for a claim that his April 1981 guilty plea was involuntary or unsupported by the evidence, he would, at the very least, now need to show that he had been pursuing his rights diligently thereafter and that some extraordinary circumstance prevented his timely seeking of federal habeas relief in order to be entitled to equitable tolling.   Holland, 530 U.S. at 649.   Petitioner has not done so.   As noted above, petitioner did not file a state habeas petition raising such claims until 1994, with the Solano County Superior Court denying that petition on October 28, 1994.[9]   (Id. at 64, 76-77.)   Thereafter, petitioner apparently did nothing to pursue his claims further until October 13, 2011, when he filed a petition for habeas relief again in the Solano County Superior Court.   Based upon this record there is no basis for either tolling the AEDPA statute of limitations or allowing petitioner to avail himself of a later start date under 28 U.S.C. § 2244(d)(1) that would render the pending federal petition timely.

---

[8]   The court infers, based on the remainder of the petition, that petitioner meant to refer to a "1989 hearing" before the Board rather than a "1991 hearing."   Nevertheless, the difference in dates is immaterial to the court's findings and recommendations herein.

[9]   According to the order of denial, petitioner therein "raise[d] questions regarding the voluntariness of his plea, and challenge[d] the sufficiency of the evidence in support of that plea." (ECF No. 1 at 77.)

One final matter requires the court's attention.  In his opposition to respondent's motion to dismiss, petitioner writes:

> As to whether or not a sentencing transcript has been made available for review by this court, the responsibility is on the very superior court system which contends Petitioner has not presented evidence.  The superior court failed to create a transcript of the plea agreement, or any other documentation which was required to be transmitted to the Department of Correction and Rehabilitation when Petitioner was delivered to the prison system.

(ECF No. 17 at 3.)  Petitioner appears to contend that the alleged failure of the Clerk of the Solano County Superior Court to send transcripts of the required proceedings to his place of confinement constitutes a violation of California Penal Code § 1203.01(b)(1).  (ECF No. 1 at 18-19.)

Petitioner's argument in this regard is at least partially belied by the fact he attached to his petition a copy of the "Reporter's Transcript of Judgment and Sentence," dated May 4, 1981, which reflects the entire sentencing proceeding at which petitioner received a life sentence with possibility of parole from the Solano County Superior Court.  (Id. at 56-62.)  As for any alleged failure of that court to forward a transcript of petitioner's change of plea hearing to his place of confinement, such a failure provides no basis for tolling the AEDPA statute of limitations here.[10]

IV.  Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 14) be granted; and

2.  This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

---

[10]  Of course, federal habeas relief is not available for alleged error in the interpretation or application of state law.  See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

1   objections shall be filed and served within fourteen days after service of the objections.  The

2   parties are advised that failure to file objections within the specified time may waive the right to

3   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4        Should petitioner file objections, he may address whether a certificate of appealability

5   should issue in the event petitioner files an appeal of the judgment in this case.  <u>See</u> Rule 11,

6   Federal Rules Governing § 2254 Cases ("The district court must issue or deny a certificate of

7   appealability when it enters a final order adverse to the applicant").  A certificate of appealability

8   may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the

9   denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

10   Dated:  January 29, 2015

11

12                            DALE A. DROZD
                           UNITED STATES MAGISTRATE JUDGE

13   DAD:10

14   napi0615.mtd

15

16

17

18

19

20

21

22

23

24

25

26

27

28